*148
 
 PeaesoN, J.
 

 If a father, at the request of his son, agrees that his slave may go and aid the son in driving hogs out of the son’s field, and the son, with the assistance of the slave, wilfully and wantonly kills some of the hogs and injures others, the father is not liable in an action of trespass. But if, at the time the father agreed that his slave might go, he knew, or had reason to believe, that the son intended, or would kill the hogs, or otherwise inj ure them, then the father is liable to the owner of the hogs in an action of trespass for the damage done, as an aider or abettor, under the rule
 
 quifaoit per alium facit per se ;
 
 and in trespass all are principals.
 

 There was evidence in this case, that the defendant knew, or had reason to believe, that his son would kill the hogs or otherwise injure them ; the son came at night in hot haste : told his father that the hogs were in his field; that he had shot one, and wanted the slave to help drive the others out; besides getting the slave, the son took five of his father’s dogs; three of the hogs -were shot dead; two others were severely injured by gun shot wounds, and others badly tom by dogs; the father, when apprised of these facts and asked if he had sent his slave to help kill the hogs, hesitated and gave no answer, until the question was put three times.
 

 The plaintiff is entitled to a
 
 venwe de novo
 
 because the case was not submitted to the jury in such a way, as to make it turn upon the question, did the defendant, when he agreed that his slave might go, know, or have good reason to believe, that his son intended, or would kill, or otherwise injure the hogs ?
 

 The expression used by the defendant according to the testimony of the son, “George you must not kill or injure the hogs” was competent evidence to be weighed by the jury and to pass for what it was worth.
 

 Peb CueiaM. (Judgment reversed.